IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GRIGSBY, ) | |
|     Plaintiff(s), ) | No. C 08-1843 CRB (PR) |
| vs. ) | ORDER OF DISMISSAL |
| M. S. EVANS, et al., ) | |
|     Defendant(s). ) | |

    Plaintiff, a prisoner at Salinas Valley State Prison ("SVSP") and frequent litigant in this court, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that SVSP officials have interfered with his efforts to pursue California's prison administrative appeal process by improperly screening out and cancelling his administrative appeals.

**DISCUSSION**

A.    <u>Standard of Review</u>

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint

1  "is frivolous, malicious, or fails to state a claim upon which relief may be
2  granted," or "seeks monetary relief from a defendant who is immune from such
3  relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri
4  v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).
5       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
6  elements: (1) that a right secured by the Constitution or laws of the United States
7  was violated, and (2) that the alleged violation was committed by a person acting
8  under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

It is well-established that there is no constitutional right to a prison administrative appeal or grievance system, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and that a state's creation of a prison administrative appeal or grievance system does not implicate a liberty interest protected by the Due Process Clause, see Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (same). Plaintiff's allegations regarding SVSP officials improper screening out and cancelling his administrative appeals fail to state a claim under § 1983 and are dismissed See id.

It matters not that plaintiff invokes his constitutional right of access to the courts. The timely filing of this action, and the numerous pleadings this court receives from plaintiff on an almost daily basis, makes clear that the hindrances of which he complains did not cause him an actual injury to court access. See Lewis v. Casey, 518 U.S. 343, 351 (1996); Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004). Plaintiff is free to file a federal action challenging the conditions of his confinement and argue therein that the screening out and/or cancelling of his administrative appeal constitutes exhaustion under 42 U.S.C. § 1997e(a).

2

## CONCLUSION

For the foregoing reasons, plaintiff's complaint is DISMISSED under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED: April 15, 2008

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.08\Grigsby, J1.dismissal.wpd       3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GRIGSBY et al, | Case Number: CV08-01843 CRB |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| M.S. EVANS et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 15, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Jonathan W. Grigsby T-61830
Salinas Valley State Prison
D6-205
31625 Hwy 101
P.O. Box 1050
Soledad, CA 93960

Dated: April 15, 2008

Richard W. Wieking, Clerk
By: Barbara Espinoza, Deputy Clerk